## WATSON *vs.* WARNOCK.

1. In Georgia no one has a right to the guardianship of an infant under the age of fourteen years, other than his own; but the power of appointment is vested in the Ordinary, for the benefit of the child.

2. On an appeal from the grant of guardianship to the Superior Court, the whole case goes up to be tried anew. The discretion given by law to the Ordinary, vests by the appeal in the Superior Court for the purposes of that trial.

3. The question for trial in the Superior Court is one of fitness, for the office, and therefore a proper one to be submitted to the Jury on the proofs.

4. The requests of the parent of the infant, on his death-bed as to the guardianship of the person and property of the child, is a proper circumstance to be considered by the jury, and all other things being equal sufficient to turn the scale.

Application for Letters of Guardianship, in Burke Superior Court. Tried before Judge HOLT, at the May Term, 1860.

Simeon Warnock made application to the Court of Ordinary of Burke county, for letters of guardianship of the person and property of Martha Lurania Tindall, a minor child of Everett Tindall, deceased.

To this application, Green G. Watson entered a caveat, on the following grounds:

1st. That the caveator is the nearest of kin to the said minor child, said minor being the only child of the only sister of the caveator, and that caveator is by blood the maternal uncle of said minor.

2d. That if the applicant is of any kin to the deceased, Everett Tindall, deceased, it is too remote to give him any interest in the estate of deceased, or in the estate of the said minor.

The trial of the issue made by the application and caveat, was regularly postponed until the October Term, 1858, when the same was tried, in the Court of Ordinary, and said Court rendered the following judgment, to wit:

"It is ordered by the Court, that Green G. Watson being the maternal uncle, and next of kin of the minor, that the caveat be sustained, and that the said Green G. Watson be, and he is hereby, appointed guardian of said minor, on his

giving bond, with Simeon Wallace and Adam Belcher as his securities, in the sum of $25,000, and that letters of guardianship do issue in terms of the law."

From this judgment Simeon Warnock entered an appeal to the Superior Court of Burke county, and on the trial of the case on the appeal at the May Term, 1859, the testimony disclosed the following state of facts:

Everett Tindall, deceased, and Simeon Warnock, the applicant, were cousins, and the caveator and Tindall's wife were brother and sister. Mrs. Tindall died before her husband, and all the property of which Tindall died seized, and which now goes to the minor, Martha Lurania Tindall, came through Tindall's family, and that no part of it came through Tindall's wife. Simeon Warnock, the applicant, is a prudent and judicious manager of money and property; a kind and humane man, and a suitable and proper person to take the charge and management of the person and property of the minor. During his last sickness, and whilst under the apprehension of death, but of sound and disposing mind and memory, Everett Tindall called several persons around his bedside, and called upon them to bear witness, that it was his will and wish, if he died, that his cousin Simeon Warnock should take charge of his property, pay his debts, and save all he could for his child. Pointing to the child on the bed beside him, and said that the child was all he cared for, and that he wanted Warnock to take the child home with him, and take care of it, and raise it, and take charge of his property, and manage it for his child.

The jury returned a verdict in favor of Simeon Warnock, the applicant.

Counsel for the caveator then made a motion for a new trial on the following grounds:

1st. Because the verdict is contrary to law. .

2d. Because the verdict is contrary to evidence.

3d. Because the verdict is contrary to law and evidence, and the charge of the Court.

At the November Term, 1860, the presiding Judge pronounced his decision, overruling the motion, and refusing the new trial, and this decision is the error complained of in this case.

JOHN K. JACKSON, for plaintiff in error.

JONES & STURGIS; SHEWMAKE, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

Simeon Warnock applied to the Court of Ordinary of Burke county, for the guardianship of Martha Lourania Tindall, minor child of Everett Tindall, deceased. Green G. Watson caveated the application, claiming the right himself to the guardianship of the child as next of kin, he being the maternal uncle, while the applicant was only a cousin to the child's deceased father. On the hearing, the Ordinary refused the application of Warnock, and gave the guardianship to Watson, as the next of kin. From this judgment, Warnock appealed to the Superior Court, and on the hearing before a special jury, the verdict was had in favor of Warnock, reversing the judgment of the Ordinary. A motion was made for a new trial by Watson, on the grounds that the verdict was contrary to law and evidence. This motion having been refused, Watson excepts, and that is the case now before us.

1. The Court of Ordinary has the power to grant letters of guardianship for infant children under the age of fourteen years, to any applicant for the same, "or to such other person as in the discretion of the Court may be proper." *Cobb,* 338. The power is given to the Ordinary to be exercised for the benefit of the infant, not the applicant. In Georgia no one can claim the guardianship of a child other than his own, as a right, no matter how nearly related.

2. The Ordinary exercised that power in this case, and under, the law, an appeal was taken to the Superior Court. That appeal carried to the Superior Court the whole case to be tried on its merits, without reference to the judgment of the Ordinary. The Superior Court having the same power and discretion for the adjudication and settlement of the question of guardianship in that application by virtue of the appeal as the Court of Ordinary had.

3. When the case came up for trial, the presiding Judge of that Court viewing the issue between the contestants as one of fitness for the office, rather than of right in the individual, and very properly so submitted the question to the consideration of a special jury selected for that purpose, to

be determined upon the proofs submitted by the parties. After hearing the evidence, the jury returned a verdict which must be a final 'settlement of the question in issue unless it was so decidedly and strongly against the evidence as to compel this Court to interfere with the discretion vested by law in the tribunal trying this issue. And instead of the verdict being against the evidence, any other than the one rendered, would have been so, most decidedly. All the evidence submitted on this point was, that Warnock, the applicant, was a prudent and judicious manager of property, kind, humane, and a most fit person to take charge of the person and property of the minor. Each of the witnesses examined on this point concur in this evidence and there is nothing in conflict, nor is it pretended that the testimony is not the truth—there is no issue upon it. On the other hand, Watson, the contestant, offers no evidence to show that he is a fit and proper person to receive the guardianship, either of the person or property of the child; but he rests his right exclusively on the ground of his relationship to the infant, and that, as we have stated, amounts to nothing.

4. Add to all this, the dying wishes and earnest requests of the father of the child—which we hold to be a proper circumstance for the consideration of the Court in determining the application, and, all other things being equal, sufficient to turn the scales in favor of the person so designated, and there is no room left for a doubt as to the propriety of the finding.

## JUDGMENT.

Whereupon, it is adjudged by the Court, that the judgment of the Court below be affirmed.