WALTON v. TWIGGS.

1. In a contest between two persons for the guardianship of the person and property of a child, to which neither is entitled as a matter of legal right, the ordinary, or on appeal the judge of the superior court, on his own motion or on request of the jury, may in his discretion ascertain the wishes of the child, by examination, as to which of the contesting parties it prefers for its guardian, although the child is under fourteen years of age. But if in the exercise of such discretion he declines to consult the wishes of the child, it is not reversible error, inasmuch as no legal right of either party is affected thereby.

2. If it plainly appears that the pecuniary interests of the child will be promoted by giving the guardianship to the wealthier of the applicants, this fact may be looked to by the jury trying the issue, in determining to which one of them the guardianship should be awarded.

3. The admission in evidence in behalf of one of the parties of letters which she testified had been written by her to a third person while the latter had the custody of the children, seeking to obtain possession of the children and insisting upon her own right to them, although such letters may have been irrelevant to the issue, is not cause for a new trial, it not appearing from the record that their introduction was objected to at the trial.

November 21, 1892.                    Judgment affirmed.

Before Judge RONEY. Richmond superior court. April term, 1892.

E. H. Walton had two children by his first wife, the daughter of Mrs. Twiggs. The first wife having died,

he married again.   After his death Elizabeth Walton, his mother, applied for letters of guardianship of the two children, to which application a *caveat* was filed by Mrs. Twiggs.   The case was appealed by consent to the superior court, where there was a verdict for the caveator. The applicant moved for a new trial, which motion was overruled, and she excepted.   The motion contains, beside the general grounds, the following:

1. The court refused to allow one of the minors, who was shown to be twelve years of age, to answer the question, with which of her two grandmothers she preferred to live and which she preferred as guardian, the applicant proposing to prove that she preferred to live with the applicant and preferred her as guardian.   The court ruled that this testimony was inadmissible, the child not being fourteen years of age; and refused to allow a witness to testify that both of the children, prior to the institution of this litigation, had expressed to him a preference to live with Mrs. Walton, and for her to be their guardian.

2. The court erred in charging the jury : " The law is so jealous of the rights of children in this regard, that the wishes of parents or relatives may be disregarded when their interests are at stake.   In a contest for guardianship of children, if the wishes of deceased parents conflict with what would be the real interest of the children, the jury may disregard the testimony and give same no weight, but on the contrary, when the wishes of parents are consistent with the best interest of the children, then such may be considered as valuable testimony in determining the guardianship of the children, and may control the jury in making up their verdict. In determining the best interest of the children, you may look to the affection the parties bear to the children, their happiness and their present and future welfare.   If you should believe from the evidence that both of the grandmothers are affectionate, love the children

and have their welfare and best interest at stake, then look to the evidence to see who is best qualified to take charge of, rear and educate the children, and which party could best manage their property. If both parties are equally capacitated in a moral sense to rear and train the children, then you may look to the question as to which party is best able in a·monetary sense to care for and take charge of them. One may have more means than another, and that fact alone should not control the selection of a guardian; but when all things are equal, capacity to confer the greatest benefits to the children should be looked to by the jury in determining the question of guardianship."

3. The court allowed the caveator to introduce in evidence the letters written by her to the second Mrs. E. H. Walton, the same being correspondence with a person not a party to the suit and not competent to bind or in any way affect the rights of the applicant, it appearing that the caveator was present in court and able to testify in person. Other than as above may appear, it is not stated in this ground what objection was made to this evidence when offered.

J. R. Lamar, for plaintiff in error.

J. C. C. Black and Twiggs & Verdery, *contra.*