IN THE MATTER OF THE GUARDIANSHIP OF GEORGE O. BENTON and GRACE BENTON, Minors and Only Children and Heirs at Law of MANLEY J. BENTON, Deceased.

**Foreign Guardian** may maintain action in Iowa to have funds in hands of an auxiliary Iowa guardian transferred to the former; and, where it is not shown that any reason exists for continuing the Iowa guardian, such transfer should have been ordered.

**Domicile.** After the death of an infant's parents, the paternal grandfather and next of kin becomes his natural guardian, and he may, in good faith, change the domicile of the ward, though he can not thereby affect his rights of property or succession. *Jenkins v. Clark*, 71 Iowa, 552, and *In re Johnson*, 87 Iowa, 130, distinguished.

*Appeal from Bremer District Court.*—HON. JOHN C. SHERWIN, Judge.

WEDNESDAY, OCTOBER 17, 1894.

APPEAL from an order dismissing the petition of David M. Benton, guardian of George O. Benton and Grace Benton, asking that certain money in the hands of E. L. Smalley, as guardian of their property, be transferred to David M. Benton, who is the duly appointed guardian of their persons and property within and for the county of Trempealeau, in the state of Wisconsin.—*Reversed.*

*Fruit & Brindley, Utt Bros. & Michel* for appellant Benton.

*G. W. Ruddick* for appellee Smalley.

Deemer, J.—Manley J. Benton, father of George O. Benton and Grace Benton, died intestate at Waverly, Iowa, on the fifteenth day of September, 1892. He left surviving him these minors, aged twelve and ten years, respectively. His wife, the mother of these children, died about two years previous. Before the death of the wife and mother, the petitioner, who is the paternal uncle of the minors, at the request of Manley J. Benton and his wife, took Grace Benton to his home in Wisconsin, and from that time until the present has supported and cared for her. At the time of the father's death, there being no next of kin in Iowa, petitioner took the boy, George O. Benton, to Wisconsin, and into his family, and has ever since supported him. The paternal grandfather of the children lives with the petitioner in Wisconsin. On the first day of November, 1892, the petitioner was appointed guardian of the persons and property of said minors by the county court of Trempealeau county, in the state of Wisconsin, and gave his bond as such. His bond, at the time of the filing of the application herein, amounted to the sum of four thousand dollars. Manley J. Benton had a life insurance policy, issued by an Iowa company, for two thousand dollars, twelve hundred dollars of which was made payable to Grace and eight hundred dollars to George O. Benton. This was all, or practically all, the property he left. On the twelfth day of November, 1892, E. L. Smalley, of Waverly, in Bremer county, Iowa, upon the petition of one J. R. Smith, was appointed guardian of the property, but not of the persons, of the minors. Smalley afterward collected the face of the insurance policy, and is now holding the same by reason of his appointment as guardian. The petition in this case was for an order for the transfer of this money to the petitioner, as guardian in Wisconsin,

under sections 2269–2271 of the Code. The court, after hearing the proofs, denied the petition, and this ruling is assigned as error.

Code, section 2269, provides: "Foreign guardians of nonresident minors may be authorized by the district court of the county wherein such minor has personal property, to receive the same, on complying with the provisions of the following sections." Section 2270: "Such foreign guardian shall file in the office of the clerk of the district court, in the county where the property is situated, a certified copy of his official bond, duly authenticated by the court granting the letters of guardianship, and shall also execute a receipt for the property received by him." Section 2271: "Upon the filing of the bond as provided by the last section, and the court being satisfied with the amount of said bond, said court shall order the personal property of the minor to be delivered to the guardian; and the court shall spread the bonds and receipt on its records, and direct the clerk to notify, by mail, the court granting the letters of guardianship, of the amount of property, allowed to the guardian, and the date of the delivery of the same." The applicant fully complied with the provisions of these sections, filed a duly authenticated and certified copy of his bond given in Wisconsin with the clerk of the Bremer county district court, which bond was for four thousand dollars, and was sufficient in amount, and was ready to execute his receipt for the money as required by the statute.

It is claimed by appellee, *first*, that the petitioner had no standing in court, because he had not been appointed in this state; *second*, that he was not a foreign guardian of nonresident minors, that the minors were yet residents of this state, and that the appointment of Benton in Wisconsin was without jurisdiction; *third*, that Benton was not a proper person to have charge and control of either the children or their property.

The first of these ·claims is answered by the statute itself, which, if not in express terms, by necessary implication, authorizes such a guardian to apply for an order of transfer. With reference to the second, it is a well-established rule of law that the proper court, at the place of domicile of the child, has jurisdiction of the matter of guardianship of his person. And a person may have a domicile at one place while he is a resident of another. *Love v. Cherry*, 24 Iowa, 204. The domicile of a child is to be determined by the domicile of the parent; and when the domicile is once fixed, it remains until another is lawfully acquired. Schouler, Dom. Rel., sec. 230. The domicile of these minors at the time of the death of their father was in Waverly, and they could do nothing to change their domicile, for they were not *sui juris*. *Jenkins v. Clark*, 71 Iowa, 552, 32 N. W. Rep. 504. Under our statutes the parents are the natural guardians of their minor children, and are equally entitled to the care and custody of them. Code, section 2241. At common law, although some of the books speak only of the father, or, in case of his death, the mother, as guardian by nature, yet it is clear that the grandfather or the grandmother, when next of kin, is such a guardian. *Lamar v. Micou*, 114 U. S. 218, 5 Sup. Ct. 857; Hargraves, note to Co. Litt. 88, 6–12; Reeve, Dom. Rel. 389; *Darden v. Wyatt*, 15 Ga. 414.

"After the death of both parents, infants, who take up their residence at the home of the paternal grandparent or next of kin, in another state, will acquire such grandparent's domicile. Schouler, Dom. Rel., section 303. While our statute does not in terms make the next of kin guardians by nature, yet it does hold them responsible for their support. Code, section 1331. Being so held, it seems to us that they should, in the event of the death of both parents, be entitled to the custody of their grand-

children, and that the common law rule, that they are guardians by nature, should obtain in this state. Guardians by nature have the right to change the domicile of their wards, if done in good faith.. And while the next of kin may not change it, so as to affect their rights of succession or of property, yet if the change is made in good faith a new domicile may be acquired, which will give a probate court jurisdiction to appoint a guardian at law for them. In this case the grandfather is living with, and is a member of, the petitioner's family, and he signed the petition for the appointment of David M. Benton as guardian in the Wisconsin county court. The children, or one of them, were taken by David Benton to Wisconsin at the request of the grandfather; and the paternal grandfather, petitioner, and the children all live together as one family. These facts distinguish the present case from *Jenkins v. Clark, supra,* and *In re Johnson,* 87 Iowa, 130, 54 N. W. Rep. 69, and sustain the jurisdiction of the Wisconsin court. The right of possession and control of the persons of these minors is not involved in the case, and the fitness of the Wisconsin guardian to be intrusted with their support and education is not a material inquiry. The sole question is, should the money in the hands of the guardian appointed in this state be ordered transferred to the guardian in Wisconsin?

Having determined that the county court in Wisconsin had jurisdiction to appoint a guardian of the person and property of these minors, we next inquire what necessity is there for the continuance of a guardianship of their property in this state? No doubt such an appointment was necessary in order to collect the money due on the policy of insurance, but, with the money collected, the necessity for a guardian here has ceased. There is no showing that the money could be invested to better advantage

here than in Wisconsin, nor is there any presumption that its remaining here would be of any benefit to the estate. On the contrary, it seems to us that it would be a detriment to have the estate bear the expense of two guardianships. The guardianship here was simply auxiliary to the main guardianship, and the purpose of its creation has been accomplished. We think that the estate of these minors should be relieved of the trouble and expense incident to a guardianship in this state, and that the principal guardian should be invested with the money now in the hands of the guardian here. Some question is made as to the responsibility of the Wisconsin guardian. We do not regard this as a material point, for the certified copy of the bonds filed by him in Wisconsin shows them to be amply sufficient to protect the minors' interests. We do not determine whether the statute with reference to the transfer of funds is mandatory or not; for, if it gives the court merely discretionary powers, we think there was error in not ordering a transfer of the funds. The case will be reversed, with directions to the district court to order a transfer of the funds upon petitioner's filing the receipt required by law. REVERSED.