HERING *v.* MOSHER.

JUDGMENT—MATTERS CONCLUDED—APPOINTMENT OF GUARDIAN—
DOMICILE.

A judgment confirming the appointment of a guardian of an
infant in a certain county is not conclusive, in subsequent
proceedings to probate the will of his father, of the question
whether the father was a resident of that county at the time of
his death, where the infant had previously, by consent of his
father, been in the custody of the person appointed guardian,
since the father, under such circumstances, might fix the
domicile of his child at a place different from his own.

Error to Wayne; Hosmer, J. Submitted December 8,
1905. (Docket No. 184.) Decided May 24, 1906.

Herbert Hering petitioned for the probate of the last
will and testament of Charles F. Jaeserich, deceased. The
hearing was dismissed and transferred to the county of
Hillsdale, and petitioner appealed to the circuit court.
There was judgment at the circuit for petitioner, and
George W. Mosher, guardian of Carl S. Jaeserich, brings
error. Affirmed.

*Frankhauser & Cornell* ( *W. G. Fitzpatrick*, of coun-
sel ), for appellant.

*Wilkinson & Younglove*, for appellee.

McALVAY, J. The question in this case arose in the
probate court of Wayne county, in the matter of the
estate of Charles F. Jaeserich, deceased. Plaintiff Her-
ing is the executor named in the last will and testament
of the deceased, who died in the city of Detroit. Defend-
ant Mosher is the guardian of Carl S. Jaeserich, of the age
of seven years ( son and only child of the deceased ), duly
appointed by the probate court of Hillsdale county, April
7, 1903. He is also the maternal grandfather of said

minor child. After the appointment of Mosher as such guardian, Hering appealed to the circuit court of Hillsdale county, where, after a trial, judgment was entered confirming the appointment. From this judgment no appeal had been taken.

On April 7, 1903, being the same date Mosher was appointed guardian of the minor child by the said probate court, Hering filed a sworn petition for probate of a will in the probate court of Wayne county, in the matter of the estate of Charles F. Jaeserich, deceased, alleging, among other things, that said deceased had died April 2, 1903, naming petitioner, executor; that deceased was a resident of Detroit and left an estate in Wayne county of the value of $500 and upwards; leaving as his heir Carl S. Jaeserich, a son aged seven, residing at Hillsdale, Mich. Upon the hearing, June 5, 1903, the probate court found that deceased at the time of his death was not a resident of Wayne county, but was a resident of Hillsdale county, ordered the proceedings dismissed, and the will transferred to the judge of probate of Hillsdale county. From this order Hering appealed to the circuit court of Wayne county, where, upon trial, a jury found that Jaeserich, at the time of his death, was a resident of Wayne county, and judgment was entered reversing the order of the probate court.

The contention of the appellant is that the judgment of the circuit court of Hillsdale county is res adjudicata of the question of the domicile of Charles F. Jaeserich, that question being necessarily involved and determined in that suit, and that the trial judge erred in not so holding and instructing a verdict for appellant.

In order to understand the situation it will be necessary to state the facts, briefly, relative to the child and his care and custody. The mother of this child died in May, 1898, when he was about two years old. He was then placed by his father in the care and custody of his grandparents, Mosher and wife, in Hillsdale, to be cared for and reared by them. All of these parties had their domicile at that

place for several years. It was the domicile of the child's origin and continued to be the domicile of the father, at least until he, failing in health, went to Detroit a few months before his death, in April, 1903, the child remaining with the grandparents in whose custody he was at the time of the father's death.

Both parties to this controversy insist that the determination of the circuit court of Hillsdale county in confirming the appointment of the grandfather Mosher as the child's guardian was a proper one. The appellant, because that was the domicile of the father at the time of his death, and the appellee, for the reason that the grandparent, having lawful custody of the child at the time of its father's death, had the power to fix and change the domicile of the infant after such death although at the time of his death the father's domicile was in Wayne county. There is no question of any property rights of the infant involved in this case.

We accept the doctrine, as a general proposition, that the domicile of a child is that of its origin, or of its last surviving parent. There may be circumstances, however, where it would not remain so, if rights are exercised by other parties for the benefit of the child. A grandparent may lawfully have the care and custody of a grandchild whose parents are deceased. We know of no rule of law which would prevent such an one from fixing and changing the child's domicile to his own, no question of property rights being involved. In *Re Benton*, 92 Iowa, 202, the court says:

"Guardians by nature have the right to change the domicile of their wards if done in good faith. And while the next of kin may not change it, so as to affect the rights of succession or of property, yet if the change is made in good faith a new domicile may be acquired, which will give a probate court jurisdiction to appoint a guardian at law for them. In this case the grandfather is living with, and is a member of, the petitioner's family, and he signed the petition for the appointment of David M. Benton as guardian in the Wisconsin county court. The

children, or one of them, were taken by David Benton to Wisconsin at the request of the grandfather; and the paternal grandfather, petitioner, and the children all live together in one family. These facts distinguish the present case from *Jenkins* v. *Clark*, 71 Iowa, 552, and *In re Johnson*, 87 Iowa, 130, and sustain the jurisdiction of the Wisconsin court."

This was a case of a change of domicile to another State. See, also, *Lamar* v. *Micou*, 114 U. S. 218.

Courts do not look with disfavor upon a change of municipal domicile.

"A change of national or quasi national domicil involves, as we have seen, consequences of a very serious character. But with municipal domicil, it is different. The question of a change of the latter is generally raised for the purpose of determining the place of the exercise of rights, and the performance of duties which may or must be exercised somewhere within the State. * * * As might be expected, therefore, the courts lean strongly in favor of allowing the freest change of municipal domicil, and frequently hold such changes to have been accomplished upon very slight circumstances." Jacobs on Domicil, § 180.

In the case at bar the grandfather had the custody of this child for years with the father's express consent and desire, in the domicile of the child's origin. The father went to Wayne county, and died in three months. If he gained a domicile there, conceding the general rule to apply, it became in law the domicile of this child. The grandfather lawfully continuing such custody changed such legal domicile of the child to his own domicile in Hillsdale county, made application in that jurisdiction, and was appointed guardian. We think he had a right to do so. In determining whether the question of the last place of residence of Jaeserich, deceased, was necessarily involved in the determination of the case before the Hillsdale circuit court, we may further consider the acts and conduct of the deceased father, which involves the question whether a parent may not fix the domicile of his infant child at a place different from his own domicile. In

this case the circuit judge of Hillsdale county found that before the mother died it was agreed between the parents that the child should be placed with the grandparents to be cared for and reared; that the father fulfilled this agreement; that the child remained there during all the years since that time; that Jaeserich, failing in health, being afflicted with consumption, went to Detroit for treatment and died shortly after. Whether Jaeserich changed his domicile or not is a question of fact not proper for us to determine. He left the child where it had been placed by him to be reared, with its nearest of kin, and those alone except himself who had any affection for or attachment to it, thereby clearly indicating that he fixed its domicile with them. A parent may give his child domicile different from his own by consenting to its adoption; that he may do so by less formal proceedings we consider equally permissible. Upon either view of the case the question of the domicile of the father at the time of his death was not a necessary and determining one involved in the case before the Hillsdale circuit court. That judgment was, therefore, not res adjudicata of that fact. It will not be necessary, therefore, to consider the capacities in which Hering appeared in these suits.

The judgment and determination of the Hillsdale circuit court is res adjudicata as to the appointment of Mosher as guardian of the minor child, Carl S. Jaeserich, that court having obtained jurisdiction of the subject-matter and the parties to that suit. That a fact not material and decisive of the issue was found by the court does not militate against the validity of that judgment. The Wayne circuit judge did not err in holding that the record, proceedings, and judgment of the circuit court for Hillsdale were not res adjudicata of the question of the domicile of Charles F. Jaeserich at the time of his death, and properly left such question as one of fact in this case to be determined by the jury.

The judgment is affirmed.

GRANT, BLAIR, HOOKER, and MOORE, JJ., concurred.