10227.  HAMILTON v. KETTLES.

</div>

LUKE, J.  1. The issue in this case being as to the appointment of one of two applicants as guardian of the person of a minor, the court did not err in admitting in evidence a provision of a will, executed by the mother of the minor shortly prior to her death, in which the defendant in error was selected as trustee or guardian of the property of her child, since this was a proper circumstance for the consideration of the jury in determining the question of guardianship. "The request of the parent of an infant on his death-bed is a proper circumstance to be considered by the jury; and, all other things being equal, is sufficient to turn the scale." *Watson* v. *Warnock,* 31 *Ga.* 716. See also *Churchhill* v. *Jackson,* 132 *Ga.* 670 (64 S. E. 691, 49 L. R. A. (N. S.) 875, Ann. Cas. 1913E, 1203).

2. The testimony of the defendant in error, that, "as trustee and guardian of this boy, I have taken possession of his property; I am acquainted with the kind of property he has; the income from the property of this child right now is $18.50 per month; that will be ample for the support of this boy with me," was not objectionable as being irrelevant and immaterial, since it tended to show what property was held in trust for the minor, and the circumstances of the child were to be considered by the jury as well as the circumstances of the applicants.

3. The charge of the court, when considered as a whole, being a fair and concise statement of the law applicable to the facts in the case, and there being evidence to authorize the verdict returned, the judgment overruling the motion for a new trial is

<div align="center">

*Affirmed.  Jenkins, J., concurs.  Wade, C. J., did not preside.*
DECIDED JULY 17, 1919.

</div>

Appeal; from Whitfield superior court—Judge Tarver. November 2, 1918.

*Maddox, McCamy & Shumate,* for plaintiff in error.

*F. K. McCutchen, R. H. House,* contra.