IN RE GUARDIANSHIP OF HENRY HANSON.

V. H. BYERS, Guardian, Appellant, v. INGEBORG HANSON, Appellee.

No. 41021.

644

V. H. Byers, for appellant.

White & White, for appellee.

ALBERT, J.—On the 19th day of May, 1928, the defendant, V. H. Byers, was appointed guardian of Henry Hanson, a minor, by the aforesaid district court, and as such guardian, has certain funds in his hands belonging to the estate of said minor. Ingeborg Hanson, the mother of said minor, was appointed guardian of said minor (who at all times resided in the state of Minnesota) by the probate court of Hennepin County in said State on the 20th day of September, 1928, and she seeks to avail herself of Sections 12609 to 12612, Code of 1927, and asks that the funds in the hands of the Iowa guardian be transferred to her as guardian under the Minnesota court.

The aforesaid sections read as follows:

Section 12609. ''Foreign guardians of nonresidents may be authorized by the district court or judge thereof, of the county wherein such ward has personal property, to receive the same upon complying with the provisions of the following sections.

''12610. Copy of bond. Such foreign guardian shall file in the office of the clerk of the district court, in the county where the property is situated, a certified copy of his official bond, duly authenticated by the court granting the letters of

guardianship, and shall also execute a receipt for the property received by him.

"12611. Order for delivery. Upon the filing of the bond as above provided, and the court or judge being satisfied with the amount thereof, it shall order the personal property of the minor to be delivered to the guardian.

"12612. Record of bond—Notice to court. The clerk shall spread the bonds and receipt upon the records, and notify by mail the court granting the letters of guardianship of the amount of property allowed to the guardian, and the date of the delivery thereof."

Turning to the record, we find that each and all of the requirements and provisions of said sections of the Iowa statute have been complied with in detail, and in fact the appellant does not question the regularity of the Minnesota probate proceedings, nor does he question the fact that the aforesaid provisions of the statute have been complied with, but insists that, notwithstanding this, under the facts of the case, the order of transfer should not have been made by the Iowa court.

We have held under a previous code where the provisions are substantially identical with those of the present code that when this statute is complied with in detail, the court should make the transfer. In the case of Henderson v. Harper, 111 Iowa 525, we reversed the lower court for refusal to make such an order under similar circumstances.

The only really serious contention appellant makes is that the only purpose of the appellee in having this fund transferred is that she might dissipate it, to the detriment of the minor's estate. We have faith that the Minnesota probate court will do its duty, and will not allow any unnecessary dissipation of this minor's estate. Moreover, in the Henderson case, supra, we said:

"It is contended, however, that his estate will be lost to him if transferred to the appellant; but, as was said in the Benton case [92 Iowa 202] supra: 'We do not regard this as a material point,' for a certified copy of the bond filed by the guardian in Nebraska was filed in the district court of Clarke county, 'and appears ample to protect the ward's interests.' "

So in this case, there is a properly certified and approved

bond in the Minnesota probate court before us, which creates the identical condition which was before us in both of the above-cited cases.

There is no showing that there are any claims against this ward's estate in Iowa, or any other plausible reason why this fund should not be transferred. The court's order in this case was that the Iowa guardian was directed to file his final report as such guardian on or before the 1st day of November, 1930, and upon the Minnesota guardian's executing a receipt for the property received by her from the Iowa guardian and filing the same herein (Shelby County district court), the Iowa guardian was ordered to promptly turn over to her all funds and property belonging to said minor, to be accounted for by him. In making this order the court did not abuse its discretion, and we see nothing erroneous in the order about which appellant should complain.—Affirmed.

FAVILLE, C. J., and STEVENS, DE GRAFF, and WAGNER, JJ., concur.