BEAVERS, guardian, *v.* WILLIAMS *et al.*

No. 14358. November 12, 1942. Rehearing denied December 3, 1942.

*C. C. Pittman* and *W. B. Robinson,* for plaintiff.

*R. Carter Pittman* and *Stafford R. Brooke,* for defendants.

DUCKWORTH, Justice. The question presented for decision in this case is whether or not one appointed guardian of the "person and property" of a minor orphan is entitled to the custody of the ward, and, if so, whether the superior court, on habeas corpus brought by the guardian to obtain possession of the ward, is authorized to award the custody of the ward to another person, in the absence of any change of circumstances occurring since the appointment of the guardian. "The power of the guardian over the person of his ward shall be the same as that of the father over his child, the guardian standing in his place; and in like manner it shall be the duty of the guardian to protect and maintain, and, according to the circumstances of the ward, to educate him." Code, § 49-201. This section clearly indicates that a guardian of the person and property of a minor child has the same claim

to the custody of the child as the father would have had. We find no decision of this court in which the right of the guardian to the custody of his·ward has been doubted. On the contrary, the cases dealing with the appointment of guardians for minor children show that the paramount duty of the court in such cases is to appoint the person in whose custody the interests and welfare of the child will be best served. *Watson* v. *Warnock*, 31 *Ga.* 716; *Walton* v *Twiggs*, 91 *Ga.* 90 (16 S. E. 313); *Churchill* v. *Jackson*, 132 *Ga.* 666 (64 S. E. 691, Ann. Cas. 1913E, 1203). The rule is stated in 25 ·Am. Jur. 41, § 62, is follows: "Except under certain circumstances in which the controversy is between a parent and the guardian appointed by a court, the rule is well settled that a guardian of a minor is entitled to the custody of his ward and has such authority over him as is necessary to the proper execution of his duties. To the person of the ward he stands in loco parentis. He may enforce this right by habeas-corpus proceedings or by a proper action in equity." In the instant case the ward involved is an orphan; and thus we need not consider whether our ruling would be different if a parent were contesting the guardian's right of custody. See *Payne* v. *Payne*, 39 *Ga.* 174.

Armed with letters of guardianship of the person and property of the child, the petitioner brought habeas corpus to obtain the custody of her ward. The respondents, without contending that the guardian was improperly appointed, sought to show that they were proper persons to have the custody, and asked that they be granted custody of the child. No allegation was made in their answer that any change of circumstances had taken place since the guardian had been appointed, and none was shown by the evidence. It appeared on the hearing that both the guardian and the respondents were proper persons to have the custody of the child. The court granted custody to the respondents. This ruling of the court was unauthorized. Courts of ordinary have authority to exercise original, exclusive, and general jurisdiction in all controversies as to the right of guardianship. Code, §§ 24-1901, 49-105. Judgments rendered in the exercise of this jurisdiction can not be collaterally attacked. *Sturtevant* v. *Robinson*, 133 *Ga.* 564 (6) (66 S. E. 890). In the Code, § 50-121, it is provided: "In all writs of habeas corpus sued out on account of the detention of a wife or child, the court, on hearing all the

facts, may exercise his discretion as to whom the custody of such wife or child shall be given, and shall have power to give such custody of a child to a third person." However, this section does not vest in the court a discretion to change a previous judgment awarding custody of the child, in the absence of a change of circumstances involving the welfare of the child, which has taken place since the rendition of such former judgment. *Kirkland* v. *Canty*, 122 *Ga.* 261 (50 S. E. 90); *Brooks* v. *Thomas*, 193 *Ga.* 696 (19 S. E. 2d, 497). In the instant case the judgment of the court of ordinary appointing the petitioner guardian of the minor child adjudicated her fitness to have his custody. Certainly this judgment was final on this question, in the absence of a change of circumstances. *Porter* v. *McCalley*, 146 *Ga.* 594 (2) (91 S. E. 775). The respondents should have asserted in the court of ordinary their claim to custody, by resisting the petitioner's application for appointment as guardian. It is not clear whether they did this or not, but in any event they can not now avail themselves of defenses which should have been asserted in the court of ordinary. Compare *Shiflett* v. *Dobson*, 180 *Ga.* 23 (177 S. E. 681). It follows that the court erred in refusing to award custody of the ward to the petitioning guardian.

*Judgment reversed. All the Justices concur.*

### ON MOTION FOR REHEARING.

DUCKWORTH, Justice. The motion for rehearing asserts that this court overlooked the fact that the record shows that the appointment of the guardian by the court of ordinary was void, because at that time the residence and domicile of the child was in Whitfield County. It is argued that on the death of the father the child became domiciled in the county of the residence of the grandmother; and the following authorities are cited in support of this contention: Code, § 79-404; *Darden* v. *Wyatt*, 15 *Ga.* 414; *Hayslip* v. *Gillis*, 123 *Ga.* 263 (51 S. E. 325); *Churchill* v. *Jackson* (supra); Lamar *v.* Micou, 114 U. S. 218 (5 Sup. Ct. 857, 29 L. ed. 94); In re Benton, 92 Iowa, 202 (60 N. W. 614, 54 Am. St. R. 546); Holmes *v.* Derrig, 127 Iowa, 625 (103 N. W. 973); In re Waite, 190 Iowa, 182 (180 N. W. 159). However, regardless of the merits of the contention as to the true domicile of the child, the trial court was not authorized to disregard the appointment of the guardian, because that appointment was valid on its

face, and no direct attack was made thereon. The petition to the court of ordinary of Murray County for appointment as guardian recites that "Donald Pierce Wilbanks of said county, aged three years, is the child of Burl Wilbanks, late of said county, deceased." The letters of guardianship recite that application was made for the appointment as guardian "of the person and property of Donald Pierce Wilbanks, a minor residing in said county, child of Burl Wilbanks, late of said county, deceased." It can not be questioned that the proceedings in the court of ordinary of Murray County are valid on their face, reciting as they do that the child was a resident of that county. Notwithstanding copies of the guardianship proceedings were attached to the plaintiff's petition, the defendants in their answers did not attack these proceedings as invalid for any reason. It is a well-settled and inflexible rule that a judgment of a court of ordinary can not be collaterally attacked, except for invalidity appearing on its face. *Sturtevant* v. *Robinson,* 133 *Ga.* 564 (6) (supra); *Bowen* v. *Gaskins,* 144 *Ga.* 1 (85 S. E. 1007); *Scarborough* v. *Long,* 186 *Ga.* 412, 415 (197 S. E. 796); *Owenby* v. *Stancil,* 190 *Ga.* 50 (8 S. E. 2d, 7); *Marshall* v. *Marthin,* 192 *Ga.* 613 (15 S. E. 2d, 861). The guardianship appointment being valid on its face, and no direct attack having been made on this judgment, the judge could not under the law disregard the same.

It is strongly urged in the motion that the defendant grandmother ranks ahead of the plaintiff, a niece of the child's father, in the right to guardianship and custody of this minor. A very strong and persuasive argument is made upon this question. However, we are limited to the case as presented in the record before us. The case counsel now argues was decided by the appointment of the guardian; and the argument now made should have been made in the court of ordinary at that time. Until that judgment has been reversed or set aside in a proper proceeding, the plain rules of law prevent us from disregardnig it.

The contention is made in the motion that the decision in *Shanks* v. *Ross,* 173 *Ga.* 55 (159 S. E. 700), requires a decision different from that rendered in the instant case. In that case the maternal grandmother brought habeas corpus to obtain the custody of a two-year orphan from her paternal grandmother, whom the child's father had designated by will to be her testamentary guardian.

The grandmother had caused herself to be appointed by the ordinary as "temporary guardian" of the child. The trial court awarded custody to the temporary guardian. This court reversed that judgment, holding that the testamentary guardian was entitled to the custody. The court there properly disregarded the appointment as temporary guardian, because the right to custody of the child had been determined by the father by will, as provided in the Code, § 49-103. There was no testamentary guardian in the present case; and for this reason the two cases are clearly distinguished. The instant case is also distinguished from *Chase* v. *Bartlett,* 176 *Ga.* 40 (166 S. E. 832), where different guardians were appointed for the minor, the first by the court of ordinary of Fulton County and the other by the court of ordinary of Carroll County. Appeals were taken from both judgments. While these appeals were pending, a suit in equity was instituted in the superior court of Carroll County, seeking to have that court determine which court of ordinary had jurisdiction to appoint the guardian, and also all other matters relating to the person and property of the minor. The court held that the case presented was a proper one for a court of equity, and overruled the demurrers thereto. On interlocutory hearing the court ordered that the grandmother of the child, the person appointed guardian by the court of ordinary of Carroll County, be allowed to retain custody until further order. That case differs from the one at bar, in that there was no final judgment appointing a guardian. Also the judgment there excepted to was not a final award of custody, but was merely temporary.

*Rehearing denied. All the Justices concur.*

---

RULE OF THE SUPREME COURT. ADOPTED JULY 16, 1942.

Rule 29 (b). Although, as provided in Rule 48, all applications for certiorari to review decisions of the Court of Appeals shall be docketed as other cases, a certiorari case shall be considered as "brought" to the Supreme Court within the meaning of article 6, section 2, paragraph 6, of the constitution (Code, § 2-3006), only when the application for the writ is finally granted, as by denial of a motion to reconsider if such a motion is filed; and as to any such case the first or return term shall be the term in which the writ is so finally granted, if before the docket for that

term is closed, otherwise the next term following; the case then to be heard and determined as other cases, subject to the provisions of said paragraph of the constitution.

---

## CORRECTION.

193 *Ga.* 108, line 8 from bottom should be:

murrer to the amendment. There being no assignment of error on the