IN RE GUARDIANSHIP OF DOROTHY HAZEL PREHODA.

H. W. LOAN et al., Appellants, v. WESLEY PREHODA, Appellee.

GUARDIAN AND WARD: Appointment—Jurisdiction—Vacation of
1   Void Appointment. The appointment of a temporary guardian of the person of a minor, a resident of this state, but by a court of a county to which the minor had been removed *for a temporary purpose*, being void, will be formally set aside on a showing of such invalidity.

**GUARDIAN AND WARD:** Appointment—Jurisdiction—Residence of
2  Minor.  Principle reaffirmed that, as a general rule, a minor takes
the residence of its parents.

*Appeal from Johnson District Court.*—R. G. POPHAM, Judge.

SEPTEMBER 19, 1922.

Appeal from an order setting aside the appointment of
temporary guardians of the person of an infant.—*Affirmed.*

*Baldwin & Baldwin,* for appellants.

*Messer, Clearman & Olsen,* for appellee.

ARTHUR, J.—Appellants and appellee are respectively the
grandparents and father of Dorothy Hazel Prehoda, a minor
child of tender years.  Hazel C. Prehoda, the mother, died a
few days after the birth of Dorothy.  At the
time of her birth, appellee and his wife resided
upon a farm owned by the former, in Wash-
ington County, where the former has since re-
sided.  Appellants resided in Johnson County.
Shortly before the death of her mother, appellants took Dorothy
to their home in Johnson County, where she has been continu-
ously cared for by them.  On August 17, 1920, appellants were,
upon application to one of the district judges of Johnson
County, appointed temporary guardians of Dorothy, and at the
same time, a temporary restraining order, restraining appellee
from removing Dorothy from the possession of appellants, was
issued.  In due time, appellee filed a motion to dissolve the
temporary injunction and to set aside the appointment of appel-
lants as temporary guardians of Dorothy and to dismiss the
petition therefor, upon various grounds, among which was that
the district court of Johnson County did not have jurisdiction
to make such appointment.  The motion was heard upon affi-
davits and counter affidavits.  The court dissolved the tempo-
rary writ, set aside the order appointing appellants as tempo-
rary guardians, and dismissed their petition.

"Parents are the natural guardians of the persons of their

1. GUARDIAN AND
   WARD: appoint-
   ment: jurisdic-
   tion: vacation
   of void appoint-
   ment.

minor children'' (Section 3192, Code, 1897), and their domicile
is ordinarily that of the parent. Section 2224, Code, 1897. *In*
*re Guardianship of Johnson,* 87 Iowa 130; *Jen-*
*kins v. Clark,* 71 Iowa 552; *Hindorff v.*
*Sovereign Camp,* 150 Iowa 185; *In re Guardian-*
*ship of Benton,* 92 Iowa 202.

2. GUARDIAN AND
WARD: appoint-
ment: jurisdic-
tion: residence
of minor.

The domicile of origin in this case was Washington County,
and, unless the domicile had been changed by some act of the
parents, it continued in that county.

It is alleged in the petition that Hazel C. Prehoda, the
mother of Dorothy, orally gave her to appellants, shortly before
the mother's death, to rear until she attained her majority, and
that appellee acquiesced in said arrangement and agreement.
Appellee, however, attached his affidavit to the motion to dis-
solve the injunction and set aside the appointment of appellants
as guardians, denying that he at any time gave Dorothy to
appellants, or acquiesced in or consented to any arrangement
by which they were to have the custody and rearing of her
until she attained her majority. The affidavit further recites
that whatever arrangement was made was temporary only.
Counter affidavits were filed by appellants, reaffirming the
allegations of the petition, and affirming that appellee frequently
admitted the contract and agreement, as alleged in their peti-
tion. The court found that there had been no change of domicile.

Oral gifts of children, under the circumstances shown by
the affidavits, have not been favored by this court. *Burger v.*
*Frakes,* 67 Iowa 460; *In re Guardianship of Johnson,* 87 Iowa
130.

There is no allegation in the petition, or claim in the affida-
vits filed, that appellee independently agreed to give Dorothy
to appellants, or to release his natural right to guardianship
over her. Prior to the hearing in the court below, he was ap-
pointed permanent guardian of Dorothy, in Washington County.
The parties elected to try the issues presented upon affidavits.
The findings and conclusion of the court are well sustained by
the record. The showing was wholly insufficient to have justified
a finding that appellee had legally bound himself to surrender
his right to the custody of his minor child for more than a tem-
porary purpose. This being true, the domicile of Dorothy con-

tinued to be the domicile of her surviving parent, and the district court of Johnson County was without jurisdiction to appoint a guardian of her person. The dissolution of the temporary writ followed as a matter of course. The father owns and operates a farm in Washington County, on which he resides, and no claim is made that he is an improper person to rear the child.

The judgment of the court below is affirmed.—*Affirmed.*

STEVENS, C. J., EVANS and FAVILLE, JJ., concur.