IN RE GUARDIANSHIP OF LOUIS WELBORN SKINNER, a Minor.

No. 45632.

SEPTEMBER 23, 1941.

Ritchie, Swenson & Welpton and Kimball, Peterson, Smith & Peterson, for appellant.

Eugene D. O'Sullivan, Addison G. Kistle, and Paul E. Roadifer, for Louise Skinner Rainey, guardian, appellee.

MITCHELL, J.—Horace V. Jeffrey filed an application in the District Court of Pottawattamie county, Iowa, asking that court to set aside its order appointing Louise Skinner Rainey, as guardian of the person and property of Louis Welborn Skinner, a minor. Mr. Jeffrey was a resident of Douglas county, Nebraska, and several weeks prior to the date of the order of the Pottawattamie county court, was appointed guardian of the minor by the county court of Douglas county, Nebraska. Mr. Jeffrey was designated in the will of Lloyd Skinner, the deceased father of the minor, as guardian for the minor. He was also executor under Skinner's will and was designated by said will as trustee of a trust covering the net assets of the estate, in which trust the children of said Lloyd Skinner, including the said minor, Louis Welborn Skinner, were named as the beneficiaries. He was also trustee of certain insurance funds under a trust agreement for the benefit of the minor and his brothers, the other children of Lloyd Skinner.

The grounds of the application to set aside the order of appointment in the District Court of Pottawattamie county were:

First, that the district court had no jurisdiction to appoint a guardian for the person of said minor since his domicile was not, at the time of the appointment, in said county or state;

Second, that the said court had no jurisdiction to appoint a guardian for the property of said minor, since the minor had no property interests within the jurisdiction of said court;

Third, that the appointment was not for the best interests of the minor.

Louise Skinner Rainey filed a motion to strike the application upon the following grounds:

1.   That the applicant was an interloper and had no status as a party to the guardianship proceedings.

2.   That the application showed that the minor was a resident of Pottawattamie County, Iowa, at the time of the appointment and that he had property located therein.

3.   That no facts were shown in the application sufficient to authorize the court to remove the guardian.

4.   That the application was premised upon a testamentary appointment of guardian, not recognized as effective under the laws of Iowa.

The hearing before the district court from which this appeal was taken, was limited to the legal question as to whether under the facts pleaded in the Jeffrey application and supplemental application, the court had jurisdiction to appoint a guardian for the person and for the property of the minor. The district court found that it did have jurisdiction to make the appointment, that at the time of the appointment the minor was a resident of Pottawattamie county, Iowa, and that there was property located in said county in which said minor had an interest. The court, therefore, denied and dismissed that portion of the Jeffrey application which objected to the jurisdiction of the court to appoint the guardian, and reserved the determination of the other issues presented by the pleading, for further hearing and determination.

Horace V. Jeffrey being dissatisfied with the decision of the lower court has appealed. It must be kept in mind that the only question, which confronts this court, in this appeal is whether the lower court had jurisdiction to appoint a guardian for the minor.

The pertinent facts alleged in the Jeffrey application are as follows:

Louis Welborn Skinner, is a child of appellee, Louise Skinner Rainey, and of her divorced husband, the late Lloyd Skinner. His parents were divorced on September 8, 1933, at which time the minor was three years of age. By the terms of the stipulation entered into between the parents at the time of the divorce and by the terms of the decree of divorce, the custody of the minor was given to the father until the minor should reach the age of twenty-one years, and the father, in said stipulation,

covenanted and agreed that he would assume and make proper provision for the custody, care, maintenance, discipline and education of the minor until he should reach the age of twenty-one. The child's father, pursuant to the stipulation and the divorce decree, took charge of the boy and assumed full charge and responsibility for his custody, care, maintenance, discipline and education. The child continued to live with his father at the village of Carter Lake, Pottawattamie county, Iowa, until the father's death which occurred on March 16, 1940. The father made special provision for the care of the child, setting up an insurance trust to provide for his care, maintenance and education and further, in his Last Will and Testament, all of Lloyd Skinner's net estate was left in trust to the appellant as trustee for the minor and his three brothers. The will further designated the appellant, Horace V. Jeffrey, as guardian for the minor and directed Mr. Jeffrey to assume and be given the custody, care, maintenance, discipline and education of said Louis Welborn Skinner until the minor should reach the age of twenty-one years.

The appellant on March 17, 1940, the day following the father's death, took custody of the minor child and brought him to appellant's home in Omaha, Nebraska. On the 18th day of March, 1940, the appellant was appointed guardian of the minor by the County court of Douglas County, Nebraska, and the appellant has had the care and custody of the minor at all times thereafter.

The will of Lloyd Skinner was admitted to probate in the district court of Pottawattamie county, Iowa, on March 25, 1940. The appellant qualified as trustee under the terms of the trust agreement relating to the insurance funds.

Following the divorce, the mother, the appellee herein, surrendered the custody of the three-year-old child to the father and in the same year removed to Texas, where she continuously thereafter maintained her residence. She remarried in 1936 and is now living in Texas with her husband, Mr. Rainey. She never sought to obtain the control and custody of the minor until after the death of Lloyd Skinner. Her application for her appointment as guardian was not filed until May 3, 1940, approximately seven weeks after the father's death.

■ ■ It is argued that the lower court erred in holding that it had jurisdiction to appoint a guardian of the person of the minor, Louis Welborn Skinner. Under the divorce decree, the father, Lloyd Skinner was given the care, custody and control of his minor child. This was in 1933. The father lived at Carter Lake, Pottawattamie County, Iowa; his son, Louis, living with him. Up until the date of the death of the father, which occurred on March 16, 1940, the domicile of the minor was that of his father, in Carter Lake, Iowa.

Upon the death of his father, the surviving parent of this minor was his mother, Louise Skinner Rainey. Her domicile was in the state of Texas.

This court has recognized that the domicile of the surviving parent fixes the domicile of the child, in the absence of any showing of relinquishment and abandonment. In the case of In re Prehoda, Guardian, 194 Iowa 308, 310, 189 N. W. 719, 720, this court said:

"The showing was wholly insufficient to have justified a finding that appellee [the father] had legally bound himself to surrender his right to the custody of his minor child for more than a temporary purpose. This being true, the domicile of Dorothy continued to be the domicile of her surviving parent, and the district court of Johnson County was without jurisdiction to appoint a guardian of her person."

In the case of Modern Woodmen of America v. Hester, 66 Kan. 129, 133, 71 P. 279, 280, the Kansas Court said:

"During his lifetime the domicile of the father established the domicile of his children. Had they resided apart from him, their domicile would not have been changed, and could not have been changed, from his own, except for faithlessness to the parental relation, under such circumstances as to indicate a total renunciation of his duty and authority. Upon the death of the father the domicile of the mother fixed that of the children. Not being sui juris, the children could not, in the first instance, adopt Douglas county as their place of habitation, and could not form or possess any individual intention of returning there when absent. Neither could they have any intention of remaining there permanently. After their father's

death, neither their grandparents nor Hester could do any of these things for them. Such authority, however, did vest in their mother. No actual transfer of the persons of the children was necessary to accomplish a change, and the legal domicile of the child afterwards withheld from the mother was as much in Missouri as was that of the two she removed there.''

The same question was before the Court of Appeals of New York in the case of In re Thorne, 240 N. Y. 444, 448, 148 N. E. 630, 631. The jurisdiction of the Surrogate's Court of Dutchess County, the county of the father's residence at the time of his death, to appoint a guardian was challenged by the mother on the grounds that her domicile was in New York County and that upon the death of the father the domicile of the child was by law changed to New York County, even though the child was actually in Colorado, as appears in the portion of the opinion in In re Thorne above cited. The court said:

''When the father dies, the dead hand does not hold the child at the father's domicile. The mother becomes the head of the family. She succeeds to his rights and duties. She may determine where the infant may live. His [the infant's] domicile automatically in legal contemplation attaches to hers. This right rests, not on the actual custody of the child, but on the right of the mother, the matria potestas. * * *

''The Surrogate's Court of Dutchess county had no jurisdiction to appoint a general guardian unless the infant was a resident of the county. Surrogate's Court Act, §174. Residence and domicile here mean the same. The infant, generally speaking, has no legal residence of his own, whatever his place of abode may be. In this connection the extension of the mother's right of joint guardianship seems relevant as bearing on the practical result. * * *

''The judgment of divorce may be evidence to justify a finding that she is unfit, but it is not conclusive. It does not bar her right to apply for letters of guardianship. Her domicile fixes the domicile of the child, 'the technically pre-eminent headquarters that every person is compelled to have in order that certain rights and duties that have been attached to it by the law may be determined.' Holmes, J., in Williamson v.

Osenton, supra, at page 625, 34 S. Ct. 443. Otherwise the child has no domicile for an infant cannot choose a residence. The child resides with his mother in the contemplation of the law, even though he be living elsewhere, until otherwise disposed of by competent authority, and that authority, so far as this case is concerned, is the Surrogate's Court of the county of the mother's domicile.''

At the moment of Lloyd Skinner's death the domicile of this minor child attached immediately to the domicile of his surviving parent, his mother. No lapse of time and no act of the surviving parent is required to effect the change. The mother did not live in Iowa. She was a resident of the state of Texas.

Thus we find that the domicile of the minor, Louis Welborn Skinner, was in the state of Texas, and that the Pottawattamie district court had no jurisdiction to appoint a guardian of his person, and it erred in so doing.

▮ It is next argued that the lower court erred in holding that it had jurisdiction to appoint a guardian for the property of the minor in this case.

This record shows without any dispute that Lloyd Skinner died a resident and citizen of the state of Iowa. That his will has been admitted to probate in Pottawattamie county, Iowa. That the inventory shows both real and personal property in Iowa. That the will creates a trust and that Horace V. Jeffrey is the trustee. That this minor is entitled to one fourth of the income from the trust. That ten years after the decedent's death the trust shall terminate and the property shall be distributed to the beneficiaries, one of whom is this minor.

There can be no question but that the cestui que trust has a property interest in the trust. Legal title to the property may not be in the cestui que trust, but his interest is a property right.

The trustee could not pay to this minor what is the minor's share under this trust fund so long as he remains a minor. He could only pay it over to a guardian.

The appellant argues that there is no necessity for a guardian at this time, as the property is being handled by the trustee, citing the recent case of this court, Turner v. Ryan, 223 Iowa 191, 197, 272 N. W. 60, 63, wherein we said: ·

"Insofar as the property was concerned, its management and distribution was fully and completely provided for by the terms of the will, and the appointment of the trustee, who was required to act under the orders of the court, was for all essential purposes and in legal effect identical with that of a guardianship of the property."

In the case at bar, we are deciding only one question, and that is whether the court had jurisdiction to appoint a guardian of this minor's property. Whether it is necessary at this time to appoint a guardian is not now before this court. This minor having an interest in property in Pottawattamie county, Iowa, the lower court had jurisdiction to appoint a guardian for the property of the minor.—Reversed in part; affirmed in part.

STIGER, OLIVER, GARFIELD, and WENNERSTRUM, JJ., concur.

HALE, J., concurs in the result.

MILLER, C. J., and SAGER and BLISS, JJ., dissent.

MILLER, C. J. (dissenting)—I am unable to concur in that portion of the opinion of the majority which reverses the decision of the trial court and respectfully dissent. I think the court had jurisdiction to appoint a guardian of the minor's person as well as his property. I would affirm the decision in its entirety.

The proposition with which I do not agree is the following statement of the majority, "At the moment of Lloyd Skinner's death the domicile of this minor child attached immediately to the domicile of his surviving parent, his mother. No lapse of time and no act of the surviving parent is required to effect the change." I think that this statement is too broad and inflexible. It also seems to be inconsistent with some of the decisions heretofore rendered by this court.

In the case of Jenkins v. Clark, 71 Iowa 552, 555, 32 N. W. 504, 505, this court states, "Now, the domicile of a child is to be determined by the domicile of the parent; and, when a domicile is once fixed, it remains until another is lawfully acquired. Schouler, Dom. Rel. §230." This is a well-established principle of law. Under the record herein, there is no question but

that the domicile of Louis Welborn Skinner immediately prior to the death of his father was Pottawattamie County, Iowa. The question is whether or not, upon the death of the father, that domicile was immediately transferred to Texas, the domicile of his mother. The majority opinion so holds. I cannot agree with such holding.

A case which seems to be inconsistent with such a holding is that of Jensen v. Sorenson, 211 Iowa 354, 362, 233 N. W. 717, 721, wherein the facts are somewhat analogous in that the parents of the minor had been divorced, the custody had been granted to the mother, upon the death of the mother an aunt assumed custody, the father thereafter instituted habeas corpus proceedings to secure the custody of the child, was awarded such custody and on appeal the order was reversed, this court stating:

"The larger merits of the case relate to the conduct and attitude of the plaintiff at the time of the death of his wife, and the legal effect thereof upon his parental rights. It has been held in many jurisdictions that the custodial right of a divorced parent to whom custody has been denied by the decree is revived by the death of the other parent, to whom custody was awarded. We have never had occasion to pass upon the question in this state. For the purpose of this appeal, we shall assume such to be the law, without so deciding at present. * * *

"If it be assumed that the death of the mother revives the custodial rights of the father, notwithstanding the decree, yet such right is presumptive only. The right to custody, if asserted by such parent, imposes upon him the obligations attending such custody. It is perhaps correct to say that, if the parent has a right to such custody, he has a duty to assert it, and to assume all its obligations. In the case of a mere babe, such duty is not only an imperative one, but is an immediate one."

From the foregoing pronouncement, it clearly appears that, assuming that the majority opinion is correct in holding that upon the death of the father, Lloyd Skinner, the mother, appellee herein, became entitled to custody of the child, notwithstanding the decree of divorce and the agreement relating to the custody of such child, that right was presumptive only and did not

attach independent of action on the part of the surviving parent. It was necessary that appellee exercise that right immediately before she could claim the benefit of it. As I read the record, she has never undertaken to exercise such right.

In applying the rule regarding the domicile of an infant, it seems to me we should consider the reasons for the rule. In 17 American Jurisprudence 625, it is stated, "Since the father is the natural guardian, is entitled to the custody and services, and is responsible for the tutelage, discipline, and support of the child, the domicil of the father is in legal contemplation the domicil of his minor children."

This statement clearly demonstrates that the reason why a father's domicile ordinarily determines the domicile of his minor child is that he is entitled to the custody and services of the child and is responsible for its support. Looking to the reason for the rule, it seems to me that the mother could not change the domicile of the child to her domicile, the State of Texas, without first doing some act whereby she became entitled to the custody of the child and responsible for its support. Applying the rule announced by us in Jensen v. Sorenson, supra, hereinbefore quoted, to the record herein, the appellee has never qualified or become entitled to the custody of this child as surviving spouse. She has never claimed such right and does not now claim it. She seeks only appointment as legal guardian.

The record shows that some seven weeks after the death of Lloyd Skinner appellee filed an application for appointment as guardian of Louis Welborn Skinner. She did not claim the right to his custody by operation of law, but sought it at the hands of the court and asserted that said minor child was then a resident of Pottawattamie County. Since it is undisputed that the child was not then in Pottawattamie County, the logical interpretation to be given to the use of the word "residence" in such application is that it was considered synonymous with the term "domicile". Accordingly, we have the surviving mother asserting at the very outset that the domicile of this child was in Pottawattamie County. This is directly opposed to any claim that by operation of law she was entitled to its custody and liable for its support so that its domicile was changed to

Texas. In the subsequent pleadings that were filed, the issue has revolved around the contentions on the part of appellee that the domicile of this child was in Pottawattamie County and the contentions of appellant that the domicile was in Nebraska. No one claimed in the trial court nor in this court, as I read the record, that the domicile was in Texas. Appellant *suggests* that it might have been in Texas but *contends* that it was in Nebraska. In appellee's brief and argument, her counsel specifically state that appellee waived any right she might have had to be appointed by the courts of Texas by asserting the jurisdiction of the courts of Iowa.

As heretofore pointed out, this child had a domicile in Iowa immediately prior to the death of Lloyd Skinner. That domicile was not lost until a new domicile was acquired. I am unwilling to subscribe to the doctrine that, upon the death of the father, the domicile of the child immediately shifted to Texas and that no lapse of time or act of the mother was required to effect that change. I think that the mother had to assert her right to the custody of the child and assume the responsibility for its support before the child could acquire a domicile in Texas. Since that had not occurred, its domicile was still in Iowa when appellee invoked the jurisdiction of the district court of Pottawattamie County for the appointment of a guardian of the person as well as the property of the minor child. Since the domicile was then in Iowa, the court had jurisdiction to appoint a guardian in both capacities. I would affirm the decision on both propositions.

Bliss and Sager, JJ., join in this dissent.