IN RE GUARDIANSHIP OF PHILLIP MORRIS LANCEY.

L. D. SHELLEY, Guardian, Appellee, v. CLYDE LANCEY, Appellant.

No. 45936.

MARCH 17, 1942.

REHEARING DENIED AUGUST 11, 1942.

Frank W. Davis and Davis, McLaughlin & Hise, all of Des Moines, for appellant.

Carl A. Burkman and Royal & Royal, all of Des Moines, for appellee.

HALE, J.—This is a companion case to Lancey v. Shelley, a habeas corpus case, 232 Iowa 178, 2 N. W. 2d 781. The facts in relation to the parties are set out in such case and we need not repeat what has there been said. In that case there was an appointment of guardian, which was made without petition or notice, but which need not now be considered.

In the habeas corpus case, tried in November 1940, the custody was awarded to the aunt and uncle, Mr. and Mrs. Shelley, who have had the care of said child since the death of the mother, and, in connection with her, for a considerable time prior to her death. Thereafter, on March 22, 1941, there was filed in the district court of Polk county the petition of L. D. Shelley, asking that he be appointed guardian of Phillip Morris Lancey, born December 27, 1935, stating that the minor was possessed of personal estate of the value of $473.17. On the same day the court made the appointment. On the 9th of April following, Clyde Lancey, the father of Phillip Morris Lancey, filed an application for an order vacating and setting aside the appointment of said Shelley as guardian of the person and property of Phillip Morris Lancey. This application stated the date of birth, the divorce of the father and mother, the custody of the child in his mother until October 12, 1940, the filing of the petition for writ of habeas corpus, the appointment of the guardian during the habeas corpus proceedings; the findings of fact of the court, the exceptions thereto and motion for new trial, the order of court overruling the motion on March 22, 1941, and that on such 22d day of March application for appointment of guardian was filed, and said Shelley was appointed by Judge Meyer of the district court as guardian of the person and property of said minor; and said application

asked that the order be set aside as in violation of and not in conformity with the provisions of sections 12573, 12574, and 12575, of the Code of Iowa of 1939, and that such order was made without any notice to anyone and especially without notice to the applicant. The application further alleged that the domicile of the minor at the time of the appointment was in Wapello county and not in Polk county, and that the court was without jurisdiction. Objection was also made because Shelley was the administrator of the estate of the ward's mother. Applicant alleged that there was no necessity for the appointment of a guardian of the property of the minor for the reason that the minor did not own or have possession of any property located in Polk county or elsewhere at the time. The court set the matter down for hearing, and on the 24th day of April a resistance was filed by Shelley in the form of a general denial, except for admissions as to some of the facts, and reciting the fact of the marriage and divorce, the release by written stipulation of Clyde Lancey as to the care, custody, and control of the minor during the divorce proceedings depending and determined in Wapello county. The resistance further alleged that the Honorable Joseph E. Meyer had adjudicated all rights, after a complete hearing in a law case—the habeas corpus case; and alleged other things: that no appeal had been taken from the order in the habeas corpus case; that the father, Clyde Lancey, had forfeited his rights; that he is not entitled to any notice under the laws of the state of Iowa; denied that the domicile of the child is in Wapello county, and asked that the appointment remain as made, setting out the order in the habeas corpus case. There was a hearing on the 25th day of April 1941, and the only witnesses examined were Clyde Lancey and L. D. Shelley.

In his testimony Clyde Lancey recited the fact of his marriage, the application for writ of habeas corpus to secure the custody of his son, and that he had received no notice of the appointment of a guardian on the 22d day of March 1941, until he was informed of that fact. He stated that he was born in Ottumwa and lived in Ottumwa continuously until December 1939; that he is at present residing in Freeport, Illinois; that his home is Ottumwa and he voted at Ottumwa at the last general election and he considers his residence in Freeport as a

temporary residence for business purposes; that it was his intention that Ottumwa should always be his home, and that it was such on the 22d day of March 1941; and that he is the only surviving natural parent of Phillip Morris Lancey. On cross-examination he said that he went to Freeport in the fall of 1939, is now married and lives with his wife at Freeport in a furnished apartment; that his work consists of traveling over several counties in Illinois; that he maintains no apartment or dwelling house in Ottumwa, and has furniture at the home of his father, that some is at his father's home in Ottumwa and some in Freeport, and he and his wife sometimes go to Ottumwa and stay for some time. He has no prospect of changing his employment. The applicant called as a witness L. D. Shelley, who testified only as to the fact that he was the administrator of the estate of Velda Lancey, and that the only heir at law was Phillip Morris Lancey, the child for whom he made application to be appointed guardian.

On the 7th day of May 1941, the court entered an order overruling the application of Clyde Lancey for vacation of the previous appointment of Shelley. From this order the applicant appeals.

We have set out quite fully the proceedings and pleadings in the district court. The question of notice was there raised but is not assigned or argued in this court.

Appellant assigns two errors. The first is a question of jurisdiction, alleging that the only court having jurisdiction to appoint a guardian for a minor is the court of domicile of the minor, and that when Phillip Morris Lancey's mother died his domicile, by operation of law, reverted to his father, the appellant herein, and he became domiciled in Wapello county. The second assignment of error is the appointment of L. D. Shelley guardian of the property of Phillip Morris Lancey for the reason that at the time of the appointment the minor did not own any property in Polk county or elsewhere subject to administration by a guardian. We think we can determine both questions by the consideration of the question of jurisdiction.

As to the first proposition appellant cites Jenkins v. Clark, 71 Iowa 552, 32 N. W. 504; In re Guardianship of Prehoda, 194 Iowa 308, 189 N. W. 719; and In re Guardianship of Skinner,

230 Iowa 1016, 300 N. W. 1, 136 A. L. R. 907. These cases support the general rule, which is not disputed, that the only court having jurisdiction to appoint a guardian for a minor is the court of domicile; and also the second rule, that ordinarily the domicile of a minor follows that of the parent. In the Skinner case, recently decided, the question of custody of the child by the surviving spouse was not involved, nor was the question of the best interest and welfare of the child. The only question in that case was whether or not the district court of Pottawattamie county had jurisdiction to appoint the mother of the child guardian of the person and property.

█ The difference between all of these cases and the case at bar is that in this case the custody of the child was not, as usually happens, in the father, but, by decree of the district court on full trial and consideration of all questions involved, the custody and control of the child was awarded to the person who is guardian in the present proceeding. As between the two, the father, guardian by nature, had been declared not entitled to the custody; so the application for appointment in the present case was made by one who legally held the right of custody and had been so adjudicated. This is not a case such as we find in the reports where the rights of a parent have been held superior to those of strangers or more distant relatives, but it is a case where the surviving parent has, by decree of court, forfeited his right to the custody of the minor child as against the rights of persons who have had such care and custody. Under these circumstances, where one has the custody by judicial order, had each filed application for letters of guardianship, we are convinced that the rights of the person who legally had the custody should be held superior to those of the natural parent.

We think the question has been determined in this state by the holding in Jensen v. Sorenson, 211 Iowa 354, 366, 233 N. W. 717, 723, and In re Guardianship of Benton, 92 Iowa 202, 60 N. W. 614, 54 Am. St. Rep. 546. In the former case, the court says:

"Pursuant to our foregoing findings, it must also follow that the proceedings of adoption were valid. While it is true

that the domicile of an infant is fixed by the domicile of his parent, *yet that rule rests upon the hypothesis of the parental custody of the infant.* [Italics ours.] We have held that, after the death of both parents, the next of kin becomes the natural guardian of an infant, and may determine his domicile. In such case we sustained such a change of domicile from Iowa to Wisconsin. In re Guardianship of Benton, 92 Iowa 202. In that case we said:

" 'Guardians by nature have the right to change the domicile of their wards, if done in good faith. And while the next of kin may not change it so as to affect their rights of succession or of property, yet, if the change is made in good faith, a new domicile may be acquired, which will give a probate court jurisdiction to appoint a guardian at law for them.'

"The same rule should logically be applied where one parent is dead, and the other has abandoned the child or forfeited his custodial right. In other words, when an infant is lawfully and permanently in the custody of a guardian, its domicile should be permitted to follow that of the guardian."

It is now established by order of court that the legal custody of the child is in Polk county, such custody having been awarded to residents of that county. The Polk county court had full jurisdiction and authority to make such award, in an action in which the father appeared as petitioner in behalf of the child. The ruling in that case fixed the domicile of the child with its custodians. We therefore hold that the Polk county court had jurisdiction and authority to make the appointment of guardian, in view of its former decision as to custody. We need not refer to the rule as to the best interests of the ward, which is an important consideration. This also was determined in the habeas corpus proceedings. We ordinarily do not interfere with appointments of this kind where there is no abuse of discretion shown. See Lawrence v. Thomas, 84 Iowa 362, 51 N. W. 11, cited in In re Hruska, 230 Iowa 668, 673, 298 N. W. 664, 666.

Appellant urges that there was no necessity for the appointment of a guardian. However, the boy holds the entire interest in his mother's estate, and, while the amount cannot

now be fixed or determined, yet it is probable that there will be some proceeds belonging to the child. Under the holding in the habeas corpus case, now affirmed on appeal, 232 Iowa 178, 2 N. W. 2d 781, we think that the appellee, being one of the legal custodians of the child, had a right to be appointed guardian of both person and property. See In re Guardianship of Skinner; supra, 230 Iowa at pages 1022, 1023, 300 N. W. at page 4.

It is our opinion that the action of the court in appointing the guardian was authorized, and the order appointing the guardian should be affirmed.—Affirmed.

MITCHELL, STIGER, SAGER, OLIVER, and GARFIELD, JJ., concur.

BLISS, C. J., and WENNERSTRUM, J., dissent.